UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BURGER, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| AVI FOODSYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff John Burger brings this case against Defendant AVI FoodSystems, Inc. seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff John Burger is an adult resident of Butler, Pennsylvania. From approximately 2013 through May 2018, Mr. Burger worked for Defendant as a route supervisor. Plaintiff was not paid overtime compensation for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

1

4. At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5. Defendant AVI Foodsystems, Inc. is an Ohio corporation which operates a branch location in Butler, Pennsylvania. Defendant is a national food service company primarily engaged in the servicing of vending machines.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issued paychecks to Plaintiff during his employment.

10. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

11. Defendant misclassified Plaintiff as an exempt employee and did not pay him overtime compensation for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

12. From approximately 2013 through May 2018, Plaintiff worked for Defendant as a route supervisor.

13. As route supervisor, Plaintiff's primary duties included servicing vending routes in which Plaintiff filled vending machines. Plaintiff's primary duties, which consisted of manual labor, did not include managerial duties.

14. At all relevant times, Plaintiff was classified by Defendant as exempt under the FLSA and was not paid overtime compensation for hours worked over 40 in a workweek.

15. At all relevant times, Defendant paid Plaintiff on a salary basis.

16. During the relevant time period, Plaintiff regularly worked an average of 55 hours per week.

17. Through its unlawful actions, Defendant has deprived Plaintiff of wages, including overtime wages, owed to him.

18. Defendant acted willfully in failing to pay overtime compensation to Plaintiff for hours worked over 40 in a workweek. Defendant knew or should have known that Plaintiff was non-exempt and that he should have been paid overtime compensation, for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

19. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay owed to him during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Defendant's misclassification of Plaintiff as an exempt employee and Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D. Attorneys' fees and costs;

E. Pre- and post-interest; and

F. Any other relief to which Plaintiff may be entitled.

Dated: June 12, 2018                                Respectfully submitted,

*/s/ Jody B. Burton*_____
Jody B. Burton, Esq.
Tamra Givens (To Be Admitted *Pro Hac Vice*)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
jburton@lemberglaw.com

*Attorney for Plaintiff*